**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **STEPHEN M. SHEPTAK** | ) |
| | )   **Civil Action No.** |
| **Plaintiff,** | ) |
| | )   **COMPLAINT** |
| **v.** | ) |
| | )   **JURY TRIAL DEMANDED** |
| **EAGLE PRINTING COMPANY, INC.** | ) |
| | )   **Electronically Filed** |
| **Defendant.** | ) |

**COMPLAINT**

**NATURE OF THE ACTION, JURISDICTION AND VENUE**

1.      This is an individual under the Age Discrimination in Employment Act of 1967, as amended (ADEA) (29 U.S.C. §621 et seq.), Section 510 of the Employee Retirement Income Security Act, as amended (ERISA)(29 U.S.C. §1001 et seq.), and the Pennsylvania Human Relations Act (PHRA), as amended (43 Pa. C.S.A. §951 et seq.), to recover damages for illegal actions against Plaintiff by Defendant, to correct unlawful denial of benefits and to make Plaintiff whole.

2.      Jurisdiction of this court is invoked pursuant to 28 U.S.C. §1331 for federal claims and 28 U.S.C. §1367 for supplemental state claims  This action is authorized and instituted pursuant to the ADEA and the PHRA.

3.      The actions and policies alleged to be unlawful were committed in and around Butler, PA, where Defendant is located and where Plaintiff worked and, therefore, this action is within the jurisdiction of the United States District Court for the Western District of Pennsylvania and the venue is proper.

4.      Plaintiff exhausted his administrative remedies by filing with the Equal Employment

Opportunity Commission (EEOC) and the Pennsylvania Human Relations Commission

(PHRC) within the respective statutory periods (300 days / 180 days) following the

complained-of acts.  No Right to Sue is required under the ADEA.

## PARTIES

5.      Plaintiff, Stephen M. Sheptak (hereinafter referred to as "Plaintiff" or "Sheptak"), has

resided at all relevant times at 311 Franklin Street, Butler, PA  16001.  Plaintiff was

employed by Defendant from on or about August 15, 2004, until or about November 29,

2008, when he was allegedly "laid-off" by Defendant.

6.      Defendant Eagle Printing Company, Inc. (hereinafter referred to as "Defendant" or

"Eagle"), is a Pennsylvania corporation.  Plaintiff was hired as Sales Manager for

Defendant's Commercial Printing Division at Defendant's facility at 114 West Diamond

Street, Butler, PA  16001.

7.      Defendant is an employer within the meaning of the ADEA, ERISA and the PHRA.

8.      Defendant provides a health welfare plan under ERISA to its eligible employees, including

Plaintiff.

## BACKGROUND AND STATEMENT OF CLAIMS

9.      Plaintiff is a male, age 63.

10.    Plaintiff was hired as the Sales Manager for the Commercial Printing Division on or about August 15, 2004.

11.    Plaintiff performed his duties satisfactorily throughout his employment.

12.    In fact, Plaintiff increased sales significantly, and in particular increased sales between 2007 and 2008 approximately 20%.

13.    Plaintiff was paid a salary and received benefits, including health benefits.

14.    Defendant provides an employee welfare plan (health insurance) within the meaning of ERISA.

15.    Plaintiff was an eligible employee in the health plan.

16.    On or about November 29, 2008, Plaintiff was told by Defendant that he was being permanently laid-off due to low profits.

17.    The reason given for the termination was demonstrably false.

18.    Plaintiff had increased sales some 20% between 2007 and 2008, was continuing to develop the market and was making a significant contribution to the profits of the corporation.

19.    Prior to November 29, 2008, Plaintiff was never told either verbally or in writing that his performance was unsatisfactory, that sales were too low or that the corporation was not making a profit on Plaintiff's sales.

20.     On or about February 8, 2009, Plaintiff became aware of an advertisement in the local
        newspaper for the position of Printing Account Executive.

21.     This was Plaintiff's former position.

22.     Plaintiff contacted Defendant, inquired about the open position and expressed his strong
        interest in being hired for that position.

23.     Defendant told Plaintiff that Defendant had already selected a candidate for the position.

24.     In fact, the position was given to a substantially younger person (approximate age 30) with
        substantially less relevant experience than Plaintiff.

25.     The false reason given for Plaintiff's termination was a pretext for age discrimination and a
        preference for younger workers.

26.     The termination was a violation of the prohibition against age discrimination in the ADEA
        and the PHRA.

27.     Defendant's decision to terminate Plaintiff was also motivated by its desire to interfere
        with Plaintiff's continuing receipt of health benefits.

28.     Defendant had the ulterior motive of eliminating Plaintiff from the health plan in order to
        minimize the premiums paid on the health plan.

29.     The discriminatory treatment of Plaintiff in order to interfere with his continuing receipt of

        benefits was a violation of Section 510 of ERISA.


                        COUNT I:  AGE DISCRIMINATION (ADEA / PHRA)

30.     Plaintiff hereby incorporates Paragraphs 1 through 29 of his Complaint as though the

        same were more fully set forth herein.


31.     Plaintiff is in the protected group (over the age of 40).


32.     Plaintiff is qualified for the position in question (sales manager).


33.     Plaintiff suffered an adverse employment action (termination).


34.     Plaintiff was replaced by a significantly younger employee.


35.     Defendant's motive in terminating Plaintiff and replacing him with a younger less-qualified

        individual was age discrimination and a preference for younger workers.


36.     Defendant's actions are a violation of the ADEA and the PHRA.


37.     Defendant's violations of the law have been knowing and willful.


38.     Plaintiff has suffered loss of job, mental anguish, loss of future earnings and loss of

        benefits as a result of the unlawful actions by Defendant.


39.     Plaintiff is seeking lost wages, liquidated damages, lost benefits (including retirement and

health benefits), compensatory damages (under the PHRA), attorney's fees and costs.

## COUNT II: ERISA (§510 - DISCRIMINATION/INTERFERENCE)

40.    Plaintiff hereby incorporates Paragraphs 1 through 39 of his Complaint as though the
       same were more fully set forth herein.

41.    Plaintiff was an employee of Defendant within the meaning of ERISA.

42.    Defendant sponsors an employee health plan for its employees, including Plaintiff, within
       the meaning of ERISA.

43.    Plaintiff has incurred and will continue to incur significant health expenses that were
       covered by the plan.

44.    These expenses, in turn, had a negative cost impact on Defendant.

45.    Defendant terminated Plaintiff's employment in order to interfere with Plaintiff's continuing
       participation in the plan.

46.    Defendant also discriminated against Plaintiff on the basis of her past and continuing
       receipt of benefits under the health plan.

47.    Defendant's actions are in violation of ERISA.

48.    Defendant's violations of the law have been knowing and willful.

49.     Plaintiff has suffered loss of job, loss of future earnings and loss of benefits as a result of the unlawful actions by Defendant.

50.     Plaintiff is seeking lost wages, liquidated damages, lost benefits (including retirement and health benefits), attorney's fees and costs.

## GENERAL PRAYER FOR RELIEF

51.     WHEREFORE, Plaintiff, and all others similarly situated,  respectfully requests that this Court:

A.     Order Defendant to make Plaintiff whole by paying monetary damages, reinstating Plaintiff, and providing affirmative relief necessary to eradicate the effects of its deprivation of civil rights and its other unlawful actions.

B.     Order Defendant to compensate Plaintiff for the injuries to his reputation, and the emotional distress, sustained as a result of Defendant's illegal actions.

C.     Order Defendant to pay compensatory damages.

D.     Order Defendant to pay the costs and reasonable attorney's fees incurred by Plaintiff.

E.     Grant such further relief as the Court deems necessary and proper.

Respectfully submitted,

 s/Joseph H. Chivers
Joseph H. Chivers, Esquire
PA ID No. 39184
First & Market Building
Suite 1010
100 First Avenue
Pittsburgh, PA  15222-1514
jchivers@employmentrightsgroup.com
(412) 227-0763 / (412) 281-8481 FAX

Counsel for Plaintiff
Stephen M. Sheptak

Dated:  October 15, 2009